**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PRODUCT ASSOCIATION TECHNOLOGIES LLC | § § § |
| Plaintiff, | § Case No: § |
| vs. | § PATENT CASE § |
| POLYVORE, INC. | § § |
| Defendant. | § § § |

## ORIGINAL COMPLAINT

Pursuant to F.R.C.P. 15(a)(1)(B), Plaintiff Product Association Technologies LLC ("Plaintiff" or "PAT") files this Original Complaint against Polyvore, Inc. ("Defendant" or "Polyvore") for infringement of United States Patent No. 6,154,738 (hereinafter "the '738 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Rd., Suite 400, Plano, TX 75093.

4. On information and belief, Defendant is a Delaware corporation with an office at 701 First Ave #D ,Sunnyvale, CA 94089.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,154,738)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '738 Patent with sole rights to enforce the '738 Patent and sue infringers.

11. A copy of the '738 Patent, titled "Methods and Apparatus for Disseminating Product Information via the Internet Using Universal Product Codes," is attached hereto as Exhibit A.

12. The '738 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe

one or more claims, including at least Claim 1, of the '738 Patent by making, using, importing, selling, and/or offering for sale an online shopping portal system covered by one or more claims of the '738 Patent. Defendant has infringed and continues to infringe the '738 Patent directly in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses an online ordering system including, without limitation, the Polyvore shopping portal, www.polyvore.com, and any similar products and services (collectively, "Products"), which infringe at least Claim 1 of the '738 Patent.

15. The Products utilize a method of disseminating product information (e.g., the Products disseminate product information online by way of an ecommerce platform that identifies products and provides product-related information). The Products operate via the Internet.

16. The Products include and/or use a cross-referencing resource connected to the Internet (e.g., a database associated with the Polyvore platform), which includes a database containing a plurality of cross-references that specify a correspondence between a group of one or more universal product code values and an associated Internet address. The associated Internet address is for a source of information which describes products identified by the group of one or more code values. For example, the Products must have and/or utilize a database with cross-references to associate a product code (e.g., 130016-006-01) and an Internet address (e.g., "http://www.forzieri.com/handbags/lancaster-paris/ls130016-006-01?gfx=1&utm_source=linkshareUS&utm_medium=affiliate&utm_campaign=<LSNPUBID>") for a destination site that has information about the product corresponding to the code (e.g., LANCASTER PARIS Pur Smooth Leather Bucket Bag). The products (e.g., LANCASTER PARIS Pur Smooth Leather Bucket Bag) are designated by the one or more codes.

17. The '738 Patent defines "universal product codes" as:

The term "universal product codes" (*lower case*) is used to indicate standardized industry or inter-industry codes used to designate items, packages and services made, used, leased or sold in commerce. The term thus includes the Universal Product Codes ("U.P.C.s") used by suppliers in the United States and Canada and managed by the Uniform Code Council, Inc., 8163 Old Yankee Road, Dayton, Ohio 45458; the EAN codes used by suppliers outside the U.S. and Canada under the general direction of EAN International, rue Royale 145, 1000 Bruxelles--Belgium; *and any other multi-industry or single industry standard product designation system*.

'738 Patent, col. 4, ll. 46-57 (Emphasis added).

18. The Products transmit via the Internet a web page containing at least one hyperlink including a reference to separately stored information. (e.g., the Products provide a web page, such as a web page displaying products related to a search query "bucket bags"). The web page contains at least one hyperlink (e.g., hyperlink to text "Lancaster Paris Pur Smooth"). And, the hyperlink includes a reference to separately stored information that includes a product code, which designates the selected product. A screen shot illustrating these elements is provided below.



19. The Products employ a web browser program to receive a web page and display the web page to a user. The web browser program enables the web page to respond when the hyperlink is activated (e.g., a user clicks the hyperlink) by transmitting a first request message to the cross-referencing resource (e.g., the Polyvore database). The first request message contains at least a portion of the product code value associated with the products (e.g., the request message must contain at least a portion of the associated product code value in order to properly query the database about Internet addresses for the products associated with the product code values).

20. The first request message is processed by the cross-referencing resource (e.g., Polyvore database) by referring to the database to identify the Internet address that corresponds to the universal product code value. The system returns a redirection message to the web browser, which contains the particular Internet address (e.g., when a user clicks on a product icon, thereby activating the hyperlink, the system identifies the Internet address for the

destination site that has information about the product associated with the code value and returns a redirection message with that address so that the web browser can take the user to the destination with the additional information).

21. The web browser automatically responds to the redirection message by transmitting a second request message to the particular Internet address (e.g., the user is redirected to the destination site when the system sends the second message with the destination address).

22. A server responds to the second request message by providing product information concerning the selected products (e.g., LANCASTER PARIS Pur Smooth Leather Bucket Bag). And, the web browser causes this information to be automatically displayed to the user. This is illustrated by the screen shot provided below:



Source: http://www.forzieri.com/handbags/lancaster-paris/ls130016-006-01?gfx=1&utm_source=linkshareUS&utm_medium=affiliate&utm_campaign=<LSNPUBID> (October 26, 2016)

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined

and restrained by this Court.

    25.    Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,154,738 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 5, 2017					Respectfully submitted,


						*/s/ Jay Johnson*
						**JAY JOHNSON**
						State Bar No. 24067322
						**D. BRADLEY KIZZIA**
						State Bar No. 11547550
						**KIZZIA JOHNSON, PLLC**
						1910 Pacific Ave., Suite 13000
						Dallas, Texas 75201
						(214) 451-0164
						Fax: (214) 451-0165
						jay@kjpllc.com
						bkizzia@kjpllc.com

						**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A